**CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **NORTHFIELD INSURANCE COMPANY** | **Civil Action No. 21-CV-10032-SRC-CLW** |
| Plaintiff, | |
| v. | **OPINION, ORDER, & FINAL JUDGMENT AGAINST DEFENDANTS ANC CONSTRUCTION, INC., ANTHONY J. VALVANO, JR., JEANIE VALVANO, ANTHONY COSTELLO, JR., AND LISA COSTELLO BY DEFAULT** |
| **ANC CONSTRUCTION, INC., ANTHONY J. VALVANO, JR., JEANIE VALVANO, ANTHONY COSTELLO, JR., AND LISA CONSTELLO** | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon Plaintiff Northfield Insurance Company's motion for default judgment against Defendants ANC Construction, Inc., Anthony J. Valvano, Jr., Jeanie Valvano, Anthony Costello, Jr., and Lisa Costello ("Defendants"). Defendants have not opposed this motion. The Court, having considered Plaintiff's submissions, proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, the Court will grant Plaintiff's motion for default judgment against Defendants.

On April 22, 2021, Plaintiff filed its Complaint with this Court, seeking only a declaratory judgment. As a matter of background, Plaintiff previously issued an insurance policy providing Defendant ANC Construction with commercial general liability coverage ("the Policy"). Then, in October of 2017, Defendants Anthony Costello, Jr. and Lisa Costello (the "Costellos") filed a lawsuit in the Bergen County Law Division of the New Jersey Superior Court against ANC Construction, Anthony J. Valvano, Jr., and Jeanie Valvano, as well as other

1

parties, asserting certain claims relating to home improvement work that ANC Construction and Anthony J. Valvano, Jr. performed on the Costellos' residence, entitled <u>Anthony Costello, Jr., et al. v. Anthony J. Valvano, Jr., et al.</u>, Docket Number BER-L-7373-17 (the "Underlying Action").

On October 20, 2020, the court in the Underlying Action granted the Costellos summary judgment as to liability for Counts IV and VI of their Complaint, which alleged violation of the New Jersey Consumer Fraud Act and other regulatory violations. In its Decision accompanying its Order granting summary judgment as to Counts IV and VI, the New Jersey Superior Court did not make any findings of bodily injury or property damage caused by any accident. As a result, in this action, Plaintiff asserted in its Complaint that the circumstances underlying Counts IV and VI of the Underlying Action do not present a covered occurrence resulting in bodily injury or property damage under the terms of the Policy. As such, Plaintiff has sought a declaratory judgment stating that it has no obligation to provide coverage to or indemnify ANC Construction, the Valvanos, or any other party in connection with the Underlying Action, for any damages attributable to Counts IV and VI of the Underlying Action.

After bringing suit against Defendants for a declaratory judgment in this Court, Defendants were properly served with the Summons and Complaint in late May or early June of 2021. On July 8, 2021, after the deadline had already passed for Defendants to respond to Plaintiff's Complaint without any responses being filed by Defendants, Plaintiff filed a request for default against Defendants. As a result, on July 27, 2021, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered an entry of default against Defendants. Then, on August 13, 2021 since Plaintiff's request is not for a sum certain, as it seeks a declaratory judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff then filed the present motion for a default judgment against Defendants with this Court. Plaintiff has also demonstrated

that it served Defendants with notice of this motion. Defendants have not filed any oppositions to this motion.

The Court finds that Plaintiff's factual assertions—that pursuant to the terms of the Policy, it has no obligation to provide coverage to or indemnify Defendants or any other parties in connection with Counts IV and VI of the Underlying Action—have been properly pled. Further, as Plaintiff has demonstrated that it properly served each Defendant with the Summons and Complaint, as well as the notice of the motion for default judgment, the Court finds that Plaintiff's factual assertions are deemed true and will therefore grant Plaintiff's motion for default judgment against Defendants.

For the foregoing reasons, it is **SO ORDERED** that Plaintiff's motion for default judgment [ECF 13] is **GRANTED**; and it is further

**ORDERED, ADJUDGED, AND DECREED** that default judgment is granted against Defendants, declaring that Plaintiff has no obligation to provide coverage to or indemnify ANC Construction, the Valvanos, or any other party in connection with Counts IV and VI of the Underlying Action.


                                        s/ Stanley R. Chesler
                                        STANLEY R. CHESLER
                                        United States District Judge


Judgment rendered September 14, 2021